## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5777 | **DATE** | 9/4/2003 |
| **CASE TITLE** | KATIMAHMUD GOLDSMITH vs. CHICAGO POLICE SERGEANT FLYNN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 9/18/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Borchers and Pennie's motion to dismiss the second amended complaint; Flynn's motion to dismiss the second amended complaint; the City's motion to dismiss portions of the second amended complaint; Malooly's motion to dismiss the second amended complaint; Mingy's motion to dismiss the second amended complaint and C. Murphy and B. Murphy's motion to dismiss the second amended complaint are all denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 05 2003 | |
| | Notified counsel by telephone. | | date docketed | 54 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -4 PM 6:05 | | |
| | LG courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**SEP 0 5 2003**

KATIMAHMUD GOLDSMITH, )
)
Plaintiff, )
) No: 02 C 5777
v. )
) Judge John W. Darrah
CHICAGO POLICE SERGEANT T.J. FLYNN, )
AND CHICAGO POLICE OFFICERS )
BRIAN MURPHY, D. PENNIE, #15646, )
D. BORCHERS, #9510, AND )
COLLEEN MURPHY, MEGHAN MINGY )
MARY MALOOLY AND )
CITY OF CHICAGO, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Katimahmud Goldsmith ("Goldsmith"), filed suit against Defendants under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986. Presently pending before the Court are: (1) Daniel Borchers ("Borchers") and David Pennie's ("Pennie") Motion to Dismiss the Second Amended Complaint, (2) Sgt. Teresa Flynn's ("Flynn") Motion to Dismiss the Second Amended Complaint, (3) City of Chicago's ("City") Motion to Dismiss portions of the Second Amended Complaint, (4) Mary Malooly's ("Malooly") Motion to Dismiss the Second Amended Complaint, (5) Meghan Mingy's ("Mingy") Motion to Dismiss the Second Amended Complaint, and (6) Colleen Murphy ("C. Murphy") and Brian Murphy's ("B. Murphy") Motion to Dismiss the Second Amended Complaint.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-*

*Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002) (*Walker*). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

A reading of Goldsmith's complaint supports the following summary of the alleged conduct of the parties.

On August 3, 2002, Goldsmith, an African-American male, attended a block party with some Caucasian friends in the Edison Park neighborhood of Chicago. Goldsmith was the only African-American at the block party.

After midnight, B. Murphy, an off-duty Chicago police officer, told Goldsmith to put his shirt back on, despite the fact that other white party-goers had their shirts off. Just after Goldsmith put his shirt back on, B. Murphy, C. Murphy, Mingy, Malooly, and other Caucasian party-goers conspired to physically attack Goldsmith because he is African-American and attended the all-white block party. Acting in concert, these four Defendants chased Goldsmith

down the street, pummeled him to the ground, and repeatedly kicked him. During the attack, the Defendants directed racial hate speech toward Goldsmith. Goldsmith was seriously injured in the attack and, later, spent several days in the hospital, where he incurred medical expenses.

During the attack, Goldsmith managed to flee to the 16th District Chicago Police Department, where he reported the attack and requested that the police transport him back to the scene of the attack so that he could identify his attackers for the purpose of filing criminal charges against them. The 16th Chicago Police Department encompasses Edison Park. Police officers Pennie and Borchers, who arrived 30 minutes after Goldsmith arrived at the police station, transported Goldsmith to a supermarket parking lot, where they waited for Sergeant Flynn to arrive. While waiting, Goldsmith requested that Pennie and Borchers return with him to the scene of the attack; the uninformed officers refused the request. When Flynn arrived, she refused to arrest or authorize the arrest of any of Goldsmith's alleged attackers; Flynn also did not help Goldsmith obtain emergency medical care.

After some delay in returning to the scene of Goldsmith's attack in order to protect off-duty Chicago police officers from being identified as one of the attackers, Flynn, Borchers, and Pennie refused to arrest one of the civilian attackers whom Goldsmith had identified. These actions were in accordance with the City's policy and practice to protect and shield its off-duty police officers who commit acts of violence against citizens.

Goldsmith asserts that the actions of Flynn, Borchers, and Pennie deprived him of his right to equal protection of the laws and that Flynn's lack of action was motivated by Goldsmith's race, the race of the perpetrators of the felony-attack, and because Goldsmith traveled to the racially segregated neighborhood of Edison Park. Goldsmith further asserts that the actions of B. Murphy, C. Murphy, Mingy, and Malooly constitute a conspiracy, which

3

entitles Goldsmith to relief under 42 U.S.C. § 1985(3), a state tort of battery, and a civil violation of the Illinois Hate Crimes Act, 720 ILCS 5/12-7.1. Because of the damages he incurred because of the City's municipal policies, Goldsmith also seeks to impose liability upon the City under 42 U.S.C. § 1983.

*Borchers and Pennie's Motion to Dismiss*

Goldsmith contends that Borchers and Pennie deprived him of his right to equal protection of the laws by deliberately delaying in returning to the scene of the attack in order to protect off-duty Chicago police officers.

The Equal Protection Clause provides that all persons similarly situated be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). In order to allege a violation of the Equal Protection Clause, a plaintiff must allege that the defendant's actions had a discriminatory effect upon the plaintiff, and that they were motivated by a discriminatory purpose. *Chavez v. Illinois State Police*, 251 F.3d 612, 635-636 (7th Cir. 2001) (*Chavez*). In order for a plaintiff to allege that the defendant's actions had a discriminatory effect upon him, the plaintiff must allege that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class. *Chavez*, 251 F.3d at 636.

Goldsmith alleges that, because he is an African-American, Pennie and Borchers deliberately delayed in bringing him back to the scene of the attack in order to protect and shield an off-duty Caucasian police officer from being identified as the perpetrator of the violent attack as well as protect a civilian perpetrator who Goldsmith had identified. Goldsmith further alleges that such action deprived him of his right to equal protection of the laws.

4

These allegations sufficiently plead an equal protection violation, actionable under Section 1983. *See Walker*, 288 F.3d at 764; *see also Morgan v. Eichler*, 1999 WL 756064 (N.D. Ill. 1999) (*Morgan*). Accordingly, Borchers and Pennie's Motion to Dismiss Plaintiff's Second Amended Complaint is denied.

### *Flynn's Motion to Dismiss*

Goldsmith contends that Flynn was motivated by race when she refused to take any action on Goldsmith's complaint and failed to assist Goldsmith in obtaining emergency care. Goldsmith alleges that Flynn's actions constitute a violation of the Equal Protection Clause because they were motivated by Goldsmith's race (African-American), the race of the attackers (Caucasian), and the fact that Goldsmith traveled to a racially-segregated neighborhood. These allegations sufficiently plead an equal protection violation, actionable under Section 1983. *See Walker*, 288 F.3d at 764; *see also Morgan*, 1999 WL 756064 (N.D. Ill. 1999). Accordingly, Flynn's Motion to Dismiss the Plaintiff's Second Amended Complaint is denied.

### *The City of Chicago's Motion to Dismiss*

The City seeks to dismiss Paragraph 24 of the Second Amended Complaint. In Paragraph 24, Goldsmith alleges that it is the policy and practice of the City to protect off-duty police officers who commit acts of violence against citizens.

A municipality may not be held liable just because it employs a tortfeasor; that is, a municipality may not be held liable under Section 1983 on a *respondeat superior* theory of liability and may only be held liable if the municipality's policy or custom resulted in a deprivation of his constitutional rights. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-694 (1978) (*Monell*). The plaintiff must allege an "affirmative link" between the constitutional violation and the policy, and he must also show that the "moving force" behind the

5

violation was the enforcement of the policy. *Crandall v. City of Chicago*, No. 00 C 14, 2000 WL 688948, at *2 (N.D. Ill. May 24, 2000) (*Crandall*). The plaintiff can do this by alleging "an express policy that causes a constitutional deprivation," "a widespread practice that . . . causes a constitutional deprivation and is so permanent and well settled as to constitute a usage with the force of law," or a constitutional injury caused by a person with "final policymaking authority." *Crandall*, 2000 WL 688948, at *2 (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).

Goldsmith alleges that the City's unwritten policy and practice of protecting and shielding off-duty police officers who commit violence against citizens was applied by officers Flynn, Pennie, and Borchers when they refused to investigate Goldsmith's complaint that he was the victim of a hate crime. That is, Goldsmith asserts that officers Flynn, Pennie, and Borchers were acting in accordance with this "policy" when they deprived him of his constitutional rights by denying him of his right to equal protection of the laws, actionable under Section 1983.

It has already been established that Goldsmith's allegations sufficiently plead an equal protection violation, actionable under Section 1983. Goldsmith has alleged the "affirmative link" between the City's policy and the constitutional violation of his rights by asserting that this widespread practice caused a constitutional deprivation and that it is a policy and practice of the City. Since Goldsmith has alleged that the City's policy of protecting off-duty police officers who commit acts of violence against citizens resulted in a deprivation of his right to equal protection of the laws, a deprivation of a constitutional right, he has sufficiently pled a municipality liability claim against the City.

Accordingly, the City's Motion to Dismiss the Claim in Paragraph 24 of the Second Amended Complaint is denied.

## C. *Murphy, B. Murphy, Mingy, and Malooly's Motions to Dismiss*

Section 1985(3) states that if two or more people conspire "for the purpose of depriving either directly or indirectly, any persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3). A plaintiff who raises a Section 1985(3) claim is required to allege that there is a conspiracy, that there is a purpose of depriving an individual or class of individuals of equal protection of the laws, that there is an act done in furtherance of the alleged conspiracy, and that a person or property was injured or someone was deprived of a right or privilege granted to U.S. citizens. *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) (*Brokaw*). In order to establish the purpose element of a conspiracy, a plaintiff need only allege "some racial, or otherwise class-based invidiously discriminatory animus behind the conspirator's action." *Brokaw*, 235 F.3d at 1024. In pleading a conspiracy, it is enough to merely indicate "the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker*, 288 F.3d at 1007.

Goldsmith alleges that B. Murphy, C. Murphy, Mingy, Malooly, and other Caucasian residents of Edison Park conspired and acted in concert to pummel and physically harm Goldsmith because of his race (African-American) and because he had exercised his right to travel to the racially segregated neighborhood of Edison Park. Goldsmith has alleged that these actions constitute a conspiracy. Goldsmith alleges that the purpose of this conspiracy was to deprive him of equal protection of the laws by alleging racial animus behind the conspirators' actions, which is further supported by the alleged racial hate speech which the conspirators directed at Goldsmith while attacking him. Goldsmith alleges acts in furtherance of the

7

conspiracy by alleging that after they conspired to pummel, strike, and kick Goldsmith because of his race and because he had traveled to the racially segregated neighborhood, the conspirators acted in concert to chase Goldsmith out of the neighborhood. Goldsmith has also alleged an injury to his person due to getting pummeled and then kicked repeatedly by the conspirators. Therefore, these allegations sufficiently plead the existence of a conspiracy, actionable under Section 1985(3).

Furthermore, Goldsmith has alleged a conspiracy simply by indicating the parties (C. Murphy, B. Murphy, Mingy, and Malooly), the general purpose (chase and beat Goldsmith because he is an African-American and in the racially segregated neighborhood of Edison Park), and the approximate date (August 4, 2002). These allegations are sufficient in pleading a conspiracy because nothing more than time, scope, and parties are required in the pleading. *Walker*, 288 F.3d at 1008. Accordingly, C. Murphy, B. Murphy, Mingy, and Malooly's Motions to Dismiss the Plaintiff's Second Amended Complaint are all denied.

For the reasons stated above: (1) Borchers and Pennie's Motion to Dismiss the Second Amended Complaint, (2) Flynn's Motion to Dismiss the Second Amended Complaint, (3) the City's Motion to Dismiss portions of the Second Amended Complaint, (4) Malooly's Motion to Dismiss the Second Amended Complaint, (5) Mingy's Motion to Dismiss the Second Amended Complaint, and (6) C. Murphy and B. Murphy's Motion to Dismiss the Second Amended Complaint are all denied.

Dated: September 4, 2003

JOHN W. DARRAH
United States District Judge