UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIMAHMUD GOLDSMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 5777 |
| v. | ) |
| | ) Judge John W. Darrah |
| CHICAGO POLICE OFFICERS | ) |
| BRIAN MURPHY, ROBERT KANE, D. PENNIE, | ) |
| and D. BORCHERS, and COLLEEN MURPHY, | ) |
| MEGHAN MINGEY, MARY MALOOLY, and | ) |
| the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Katimahmud Goldsmith, brought suit against the City of Chicago; Chicago Police Sergeant T.J. Flynn; Chicago Police Officers Brian Murphy, Robert Kane, D. Pennie, D. Borchers; Colleen Murphy; Meghan Mingey; and Mary Malooly. Prior to trial, Goldsmith resolved his claims against Defendants Pennie, Borchers, Flynn, and Malooly and settled all of his claims against the City of Chicago ("the City"). The agreement permitted the City "to remain a party in this action to protect the City's interests regarding any issue concerning the scope of employment of defendants Brian Murphy and Robert Kane."

A jury trial commenced on November 8, 2004, as to the remaining Defendants. On November 19, 2004, the jury returned its verdicts on all claims. The jury found: in favor of the Defendants Brian Murphy and Kane on Plaintiff's excessive force claim (Count I); in favor of Defendants Brian Murphy, Kane, Mingey, and Colleen Murphy on Plaintiff's conspiracy to deprive the Plaintiff of his equal protection of the law claim (Count II); and in favor of the Defendants Brian Murphy, Kane, Mingey, Colleen Murphy, and the City on Plaintiff's battery because of race claim

(Count IV). The jury found in favor of the Plaintiff and against Defendants Kane, Mingey, Colleen Murphy, and the City on Plaintiff's battery claim (Count III). The jury awarded Plaintiff compensatory damages of $5,260.25, jointly and severally as to these Defendants. The jury also awarded punitive damages against Kane in the amount of $3,000, against Mingey in the amount of $5,000, and against Colleen Murphy in the amount of $2,000. On November 23, 2004, judgment was entered on the jury verdict.

Presently pending before the Court are: (1) Kane's[1], Mingey's, Colleen Murphy's, and the City's motions for judgment as a matter of law; (2) Kane's, Mingey's, and Colleen Murphy's motions for setoff of jury verdict; (3) Kane's, Mingey's, Colleen Murphy's, Brian Murphy's and Plaintiff's motions for attorney's fees and costs.

## MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Motions for judgment as a matter of law may be made at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). If the court does not grant a motion for judgment as a matter of law at the close of all of the evidence, the movant may renew its request for judgment as a matter of law by filing a motion no later than ten days after entry of judgment. Fed. R. Civ. P. 50(b). The "renewed" motion must be predicated on the moving of an initial motion in which each legal and factual ground for relief must be specified. Fed. R. Civ. P. 50(a)(2). If a ground is not included in the motion prior to the rendering of a verdict, the moving party waives that issue. *See Zelinski v. Columbia 300*, 335 F.3d 633, 638 (7th Cir. 2003); *McCarty v. Pheasant Run, Inc.*, 826 F.2d 1554, 1555-56 (7th Cir. 1987).

---

[1] Kane filed a Motion for Judgment as a Matter of Law on November 30, 2004, and a First Amended Motion for Judgment as a Matter of Law on December 16, 2004. The motions make the same arguments and are treated as one motion.

A Rule 50 motion for judgment as a matter of law mirrors that involved in evaluating a summary judgment motion. *See Appelbaum v. Milwaukee Metro. Sewage Dist.*, 340 F.3d 573, 578-79 (7th Cir. 2003) (*Appelbaum*). The court looks to all of the evidence in the record and asks whether any reasonable jury could have found for the prevailing party. The evidentiary record is construed in the prevailing party's favor, drawing all reasonable inferences in that party's favor and resisting any temptation to weigh the evidence or have the court make its own credibility determinations. *See Appelbaum*, 340 F.3d at 579. Following a jury trial, the court must bear in mind that the question is not whether the jury believed "the right people" but only whether the jury was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict. *See Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000) (*Massey*). Overturning a jury verdict is not something the courts may do lightly. *See Massey*, 226 F.3d at 925.

At the close of all of the evidence in the present case, the City of Chicago moved for judgment as a matter of law as to the scope of employment issue; the motion was denied. The individual Defendants also made a verbal motion for judgment as a matter of law as to Plaintiff's conspiracy count; the motion was denied.

Kane's Motion for Judgment as a Matter of Law

Kane moves for judgment as a matter of law, arguing that he is immune from a claim of damages pursuant to the Local Governmental and Government Employees Tort Immunity Act and that the evidence was insufficient to support a finding for punitive damages. Plaintiff argues that Kane waived these present arguments.

Kane did not include either of these grounds for relief in a motion prior to the rendering of the jury's verdict; accordingly, the issues are waived.

Mingey's and Colleen Murphy's Motions for Judgment as a Matter of Law

Mingey and Colleen Murphy move for judgment as a matter of law as to the award of punitive damages. Mingey and Colleen Murphy did not present this ground for relief prior to the jury's verdict; accordingly, the issue is waived.

The City of Chicago's Motion for Judgment as a Matter of Law

The City moves for judgment as a matter of law on the grounds that Kane is immune from judgment pursuant to the Local Governmental and Government Employees Tort Immunity Act and that Kane was not acting within the scope of his employment. The City has waived its argument as to whether Kane is immune from judgment pursuant to the Local Governmental and Government Employees Tort Immunity Act.

To hold the City liable for the alleged torts of Kane, Plaintiff must demonstrate that Kane acted in the scope of his employment with the Chicago Police Department and in furtherance of the Chicago Police Department's business. *See Stern v. Ritz Carlton Chicago*, 299 Ill. App. 3d 674, 677 (1998). The nature of a policeman's occupation, whether on duty or off duty, is that he is subject to respond to any call to enforce the laws and enforce the peace. A police officer is always obligated to attempt to prevent the commission of a crime in his presence. *See Banks v. City of Chicago*, 11 Ill. App. 3d 543, 549-50 (1973).

Drawing all reasonable inferences in Plaintiff's favor, the jury was presented with sufficient evidence that Kane was acting within the scope of his employment. This evidence included testimony that while Kane, a Chicago Police Officer, was attending a block party, he responded to shouting and arguing. After walking to the area of the shouting and arguing, he observed Plaintiff and another man on the ground. Kane identified himself as a police officer when he attempted to

break up the fight. When Brian Murphy arrived at the scene, he observed Kane and Plaintiff in a physical altercation. Accordingly, the City's motion for judgment as a matter of law is denied.

## MOTIONS FOR SETOFF OF JURY VERDICT

"Setoff" is an affirmative defense which must be raised at the time an answer is filed. Failure to raise an affirmative defense at the time of filing an answer waives that affirmative defense. *See* Fed. R. Civ. 8(c); *Castro v. Chicago Housing Authority*, 360 F.3d 721, 736 (7th Cir. 2004); *Alston v. King*, 157 F.3d 1113, 1115 (7th Cir. 1998).

Kane's, Mingey's, and Colleen Murphy's Motions for Setoff Of Jury Verdict

Kane, Mingey, and Colleen Murphy move for a setoff of the jury's verdict in light of the monies received by Plaintiff as part of the settlement with other Defendants. None of the moving parties included this affirmative defense in their answers or in the pre-trial order. Accordingly, the defenses are waived.

## MOTIONS FOR FEES AND COSTS

A prevailing defendant may be awarded fees pursuant to 42 U.S.C. § 1988. In order to be awarded fees under Section 1988, a prevailing defendant must demonstrate that the plaintiff brought his lawsuit in subjective bad faith or that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation, even though the lawsuit was not brought in subjective bad faith. *See LaSalle Nat'l Bank of Chicago v. County of DuPage*, 10 F.3d 1333, 1340 (7th Cir. 1993) (*LaSalle*). A plaintiff's loss of his case is not itself a sufficient justification for the award of fees pursuant to Section 1988. *See LaSalle*, 10 F.3d at 1340.

Costs may also be awarded to a prevailing party under Fed. R. Civ. P. 54(d). "[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise

directs . . . ." Fed. R. Civ. P. 54(d)(1). A prevailing party is the party who prevails as to the substantial part of the litigation. *See Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996) (*Testa*). The court has wide discretion in determining and awarding costs, especially in mixed result cases. *Testa*, 89 F.3d at 447.

Kane's, Mingey's, Colleen Murphy's, and Brian Murphy's Motions For Fees Pursuant to §1988

Kane, Mingey, Colleen Murphy, and Brian Murphy move for attorneys' fees pursuant to Section 1988, arguing that Plaintiff's conspiracy claim was unreasonable because it was included solely to obtain federal jurisdiction. Defendants' argument is without merit. Defendants' motion for judgment as a matter of law as to the conspiracy count at the close of testimony was denied in light of the evidence. Furthermore, Plaintiff's Second Amended Complaint included a claim for a violation of equal protection; as such, federal jurisdiction was not based solely on the conspiracy claim. Based on the above, attorney's fees pursuant to Section 1988 are denied.

Kane's, Mingey's, Colleen Murphy's, and Plaintiff's Motions for Fees Pursuant to Rule 54(d)

Kane, Mingey[2], Murphy, and Plaintiff also move for costs pursuant to Fed. R. Civ. P. 54(d). In the instant case, these Defendants and the Plaintiff "prevailed" to some extent. In such mixed result cases, the court has broad discretion to have each party bear their own costs. *See Testa*, 89 F.3d at 447 (affirming ruling that each party to bear their own costs in case where plaintiff prevailed

---

[2]Meghan Mingey also seeks attorney's fees pursuant to the Illinois Hate Crime Act, 720 ILCS 5/12-7.1. However, the Act allows the inclusion of attorney's fees and costs in the "judgment"; the Act does not include the award of such costs to a prevailing party. Accordingly, the costs are not awarded under the Act to the "prevailing party." *See International Federation of Professional & Tech. Engineers v. Chicago Park Dist.*, 349 Ill. App. 3d 546, 550 (2004) (attorney's fees and costs are not ordinarily recoverable by prevailing party unless *specifically* authorized by statute or contract); *see e.g.*, 750 ILCS 5/508(b) (providing for attorney's fees for the prevailing party).

on state law claim and defendants prevailed on federal claim); *Gavoni v. Dobbs Houses, Inc.*, 1997 WL 639052 (N.D. Ill. Oct. 3, 1997) (finding each party to bear own costs in light of plaintiffs' "very limited monetary success). In light of the mixed results of the instant case, as to these Defendants and Plaintiff, each party will bear their own costs.

Brian Murphy's Motion for Costs Pursuant to Rule 54(d)

Brian Murphy also moves for costs pursuant to Rule 54(d). Unlike the above Defendants, Brian Murphy prevailed on all of the counts against him. Accordingly, proper costs may be awarded. Brian Murphy seeks a total of $4,122.82 in costs.

Recoverable costs pursuant to Rule 54(d) are set forth in 28 U.S.C. § 1920 and include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

Brian Murphy seeks $12.00 for obtaining an abstract of Plaintiff's driver's license. Brian Murphy argues that the driver's license abstract was obtained in preparation of trial in light of Plaintiff's claim that his right to travel had been restricted. An abstract of Plaintiff's driver's license was not necessary for preparation of trial. Accordingly, the $12.00 is denied.

Brian Murphy seeks $300.00 in expenses for an interview with Dr. Plotkin, Plaintiff's treating physician in the emergency room. Brian Murphy argues that the interview was required because Dr. Plotkin treated Plaintiff in the emergency room after the incident underlying Plaintiff's claims. Interview costs are not included in the allowable costs in Section 1920. Accordingly, these costs are denied.

Brian Murphy seeks $500.00 in expenses for the testimony of Dr. Anthony J. Diorio. Plaintiff does not dispute these costs, and such costs are awarded pursuant to Section 1920(3).

Brian Murphy seeks $224.47 in photocopy costs. The photocopies ranged in price from $0.10 per page to $0.15 per page, and the materials copied were necessarily obtained for use in the case. These costs are awarded.

Brian Murphy seeks costs for several depositions. The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. Postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4.

A review of the materials submitted for the deposition costs demonstrate that $2,397.75 in costs are reasonable and are awarded.

Lastly, Brian Murphy seeks $239.00 in subpoena fees, ranging from $21.00 to $25.00 per subpoena. Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40 per hour for the first two hours and $20 for every hour thereafter.

*Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002). Accordingly, the subpoena fees are awarded.

Based on the above, Brian Murphy's motion for costs is granted in part and denied in part. Brian Murphy is awarded $3,361.22 in costs.

## CONCLUSION

For the reasons stated above: Kane's, Mingey's, Colleen Murphy's, and the City's motions for judgment as a matter of law are denied; Kane's, Mingey's, and Colleen Murphy's motions for setoff of jury verdict are denied; Kane's, Mingey's, Colleen Murphy's, and Plaintiff's motions for attorney's fees and costs are denied; and Brian Murphy's motion for attorney's fees and costs is denied in part and granted in part. Brian Murphy is awarded $3,361.22 in costs.

Dated: February 22, 2005

JOHN W. DARRAH
United States District Judge